UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTRAL UNION HIGH SCHOOL, ADMINISTERED BY SELF INSURED SCHOOLS BAKERSFIELD<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 21cv194 JM(KSC)<br><br>**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

Presently before the court is a motion for summary judgment in this Federal Tort Claims Act, 28 U.S.C. section 1346, case filed by Defendants United States of America and United States Customs and Border Protection (collectively "Defendants"). (Doc. No. 21.) The motion has been fully briefed and the court finds it suitable for submission on the papers and without oral argument in accordance with Civil Local Rule 7.1(d)(1). For the reasons set forth below, the motion is **granted**.

I.   **FACTUAL BACKGROUND**

This lawsuit stems from a March 6, 2018, motor vehicle accident involving a school bus and an on-duty agent driving a U.S Customs & Border Protection ("CBP") vehicle.

Neither party disputes that Mr. Lavender, the bus driver injured in the underlying accident, was employed by Central Union High School ("Central Union) at the time of the accident.

1

Similarly, it is undisputed that, prior to filing suit, the following events occurred.

On March 13, 2018, Central Union issued a report to its workers compensation claims administrator, Self-Insured Schools of California ("SISC"), advising that Mr. Lavender suffered an occupational injury as a result of the March 6, 2018, vehicle accident. (Doc. No. 21-2 at 2[1]; Doc. No. 25 at 2; Doc. No. 21-5 at 27, Ex. J.)

On April 27, 2018, SISC notified CBP Officer Ruiz, the driver of the vehicle, that it would be seeking reimbursement from him for the costs associated with the treatment of Mr. Lavender's medical injuries. (Doc. No. 24-6.)

On April 30, 2018, Central Union submitted an administrative claim to CBP seeking $1,057.64 in costs associated with repair of the school bus. (Doc. No. 21-2; Doc. No. 21-3, Ex. A.)

On October 23, 2018, CBP wrote to Central Union proposing a settlement in the amount of $972.64 to repair the school bus, based on the documentation submitted. (Doc. No. 21-3, Ex. B.) CBP requested Central Union complete the Voucher for Payment ("FMS Form 197") it had enclosed with the letter if Central Union wished to accept the offer and receive payment. (*Id*. at 7.) The letter also included the following language: "Please be advised that under the [Federal Tort Claims Act], acceptance of this settlement shall be final and conclusive and shall constitute a complete release of any claim against the United States and against any employee of the government whose act gave rise to the claim." (*Id*.)

On October 27, 2018, Central Union returned its signed FMS Form 197. (Doc. No. 21-4 at 4, 5, Ex. C.) The FMS Form197 contains the following release:

> Each claimant/plaintiff and his/her guardians, heirs, executors, administrators, and assigns agree to and do accept this settlement in full settlement and satisfaction and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including without limitation any claims for fees, costs, expenses, survival, or wrongful death, arising from any and all known or

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

2

> unknown, foreseen or unforeseen bodily injuries, personal injuries, death, or damage to property, which they may have or hereafter acquire against the United States of America, its agents, servants, or employees, on account of the subject matter of the administrative claim or suit, or that relate or pertain to or arise from, directly or indirectly, the subject matter of the administrative claim or suit.

*Id*. at 5. (*See also* Doc. No. 21-2 at 2; Doc. No. 25 at 2.)

On March 18, 2019, CBP issued a check to Central Union in response to the Voucher for payment. (Doc. No. 21-2 at 2; Doc. No. 25 at 2; Doc. No. 21-4 at 9)

On February 21, 2020, SISC submitted an administrative claim ("the 2020 Administrative Claim") for $1,000,000 to CBP on behalf of itself and Central Union seeking reimbursement of workers' compensation benefits paid to Mr. Lavender as a result of the injuries he sustained from the March 6, 2018, vehicle accident. (Doc. No. 21-2 at 2-3; Doc. No. 25 at 2-3; Doc. No. 21-5 at 29-45; Doc. No. 24-9 at 1.)

On May 21, 2020, Plaintiffs' attorneys received a letter from CBP explaining that their claim lacked substantiating competent evidence. (Doc. No. 24-11.)

On February 26, 2021, CBP denied the 2020 Administrative Claim. (Doc. No. 24-12.)

Central Union was, as of March 6, 2018, Mr. Lavender's employer. (Doc. No. 21-2 at 3, Doc. No. 25 at 3.)

SISC is a Joint Powers Authority, which self-insures and indemnifies certain California public school districts for workers' compensation benefits, it is not, however, an insurance company. (Doc. No. 24 at 2-3; Doc No. 24-2 at ¶¶ 11, 12.) At all relevant times, SISC was the workers' compensation administrative agency for Central Union. (Doc. No. 21-2 at 3; Doc. No. 25 at 3.)

On February 2, 2021, Plaintiff SISC[2], as the provider of workers' compensation claim benefits to employees of Central Union, filed suit in this district under the Federal Tort Claims Act, 28 U.S.C. section 1346. (Doc. No. 8, "Compl.") The complaint alleges that, on March 6, 2018, "an on-duty employee of the U.S. Border Patrol" was driving a "vehicle owned by the Defendant" when it "negligently rear-ended a school bus" owned by Central Union and driven by Andrew Lavender. (*Id*. at ¶ 9.) Further, it is alleged that Mr. Lavender was injured as a result of the accident, thereby obligating Plaintiff to pay workers' compensation benefits. (*Id*. at ¶¶ 10, 11.) A single claim for negligence is brought, (*id.* at ¶¶ 9-12), with SISC seeking reimbursement for workers' compensation benefits paid to date pursuant to pursuant to California Labor Code section 3850 *et seq*. (*id*. at ¶ 13) and an award of costs.

On October 17, 2022, Defendants filed their Motion for Summary Judgment. (Doc. No. 21.) Plaintiff timely filed its response in opposition, (Doc. No. 24) and Defendants duly replied (Doc. No. 26). Originally, a hearing on the motion was set for December 5, 2022, which was later reset to January 23, 2023[3]. (Docket Entry No. 27.)

---

[2] In their papers, Defendants refer to "Plaintiffs," reading the complaint as if both Central Union and SISC have filed suit as two individual entities, going so far as to claim that Central Union has abandoned its claim (*see generally* Doc. No. 26). However, the Complaint expressly identifies only one Plaintiff, SISC: "[t]his action is brought by the Self-Insured Schools of California, (hereinafter, "Plaintiff"). The Plaintiff is the provider of workers' compensation claim benefits to employees of the Central Union High School District." Comp. at ¶ 4. While the caption of the complaint identifies Plaintiff as "Central Union High School, Administered by Self Insured Schools Bakersfield," the court understands there to be only one Plaintiff, SISC, bringing this action. This understanding is bolstered by the repeated use of the singular form of Plaintiff throughout the Complaint. *See generally,* Compl.

[3] On October 17, 2022, the parties filed a Joint Motion to Continue the Hearing on Defendants' Motion for Summary Judgment and Related Deadlines. (Doc. No. 22.) Good cause appearing, the court granted the motion.

## II. LEGAL STANDARD

A motion for summary judgment shall be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). But Federal Rule of Civil Procedure 56 contains "no express or implied requirement . . . that the moving party support its motion with affidavits or other similar materials negating the opponent's claim." *Id.* (emphasis in original).

In response to a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials of a pleading, but must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal citations omitted). In other words, the nonmoving party may not rely solely on conclusory allegations unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The court must examine the evidence in the light most favorable to the nonmoving party, *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962), and any doubt as to the existence of an issue of material fact requires denial of the motion, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. DISCUSSION

Defendants move for summary judgment on Plaintiff's sole cause of action asserting there is no genuine issue of material fact. (Doc. No. 21-1.)

Plaintiff's response in opposition to the summary judgment motion largely consists of short paragraphs listing evidence. (*See generally* Doc. No. 24.) Although Plaintiff attempts to distinguish the facts present in this case from those in *Newsome v. U.S.*, 2006 WL 1153609, * 7 (E. D. Cal. Apr. 28, 2006), it fails to cite a single case in support of its argument. And while the submission makes general legal arguments, it does not contain so much as a single citation to any applicable legal authority in support of the

propositions asserted. Indeed, Plaintiff's counsel appears to misunderstand the roles of the litigator versus the court. It is not the court's role to do Plaintiff's legal research or to make legal arguments on Plaintiff's behalf. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (Courts will not "manufacture arguments for a[] [party], and a bare assertion does not preserve a claim."); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so . . . . We require contentions to be accompanied by reasons."); *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived"); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("It is not our job to do the legal research that [the plaintiff] has omitted."); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"); *Blankenship v. Cox*, No. 3:05-CV-00357-RAM, 2007 WL 844891 at 12 (D. Nev. Mar. 19, 2007) ("It is not the court's duty to do [Plaintiff's] legal research."). Plaintiff's submission falls woefully short.

"The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Indep. Towers,* 350 F.3d at 929-30 (9th Cir. 2003). Rather than make the requisite showing in this case, Plaintiff's briefing related to the release contained on the FS Form 197 and whether it bars the claim pursued by SISC requires the court to connect far too many dots and make far too many legal arguments on Plaintiff's behalf.

    1. The Release

Notwithstanding Plaintiff's poor showing, the court is still obligated to consider the merits of the motion to "determine whether summary judgment is appropriate-that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. I. Board of Tax Review*, 922 168, 175 (3rd Cir. 1990).

Defendants argue that Plaintiff's claim is barred by the October 27, 2018, release signed by Central Union's agent. Specifically, Defendants claim they are entitled to

summary judgment as a matter of law because: (1) the October 27, 2018, FS Form 197, signed by Central Union, contained a release of any and all claims related to the March 6, 2018 vehicle accident; (2) Central Union knew when it signed the FS Form 197 that it faced workers' compensation liabilities arising from the accident; and (3) the terms of the release bind Plaintiff and prevent it from bringing suit.  Alternatively, Defendants suggest SISC is not an "employer" within the meaning of California Labor Code section 3852 and is, therefore, not authorized to bring actions against third parties.  (*See generally*, Doc. No. 21-1.)

Plaintiff opposes, asserting that the settlement between Central Union and CBP does not resolve the 2020 Administrative Claim for benefits brought by SISC.  SISC posits that Central Union's agent cannot release or waive the rights of a third party, in this instance, SISC. (Doc. No. 24 at 6-8.)  SISC maintains that the individual who signed the October 27, 2018, FS Form 197, was "an agent for the school district itself, one of the districts covered for worker's compensation by Plaintiff, and not for Plaintiff themselves." [sic]  *Id.* at 8. Because, the agent was acting for Central Union, Plaintiff should not be barred from recovering against Defendants.  *Id.*

Defendants correctly state that "the Federal Tort Claims Act specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [alleged tortious] act or omission occurred.'" *Rhoden v. United States,* 55 F.3d 428, 430 (9th Cir. 1995) (quoting 28 U.S.C. § 1346(b)).  "This adoption of the proper state law applies not only as to the creation of liability but also as to release from liability." *Air Transp. Assocs. v. United States*, 221 F.2d 467, 471 (9th Cir. 1955).

Under California law, "a written release extinguishes any obligation covered by the release's terms."  *Newsome v. U.S.*, 2006 WL 1153609, *7 (E.D. Cal. Apr. 28, 2006), quoting *Skrbina v. Fleming Cos, Inc.*, 45 Cal. App. 4th 1353, 1366 (1996); *see* Cal. Civ. Code § 1541 ("An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration.") "A written release extinguishes any obligation covered by the release's terms, provided it

has not been obtained by fraud, deception, misrepresentation, duress or undue influence. *Skrbina*, 45 Cal. App. 4th at 1366.

At the time it signed the release, Central Union knew it faced workers' compensation obligations to its employee, (Doc. No. 21-2 at 2; Doc. No. 25 at 2; Ex. J), yet signed the FMS Form197 which contained the following release:

> Each claimant/plaintiff and his/her guardians, heirs, executors, administrators, and assigns agree to and do accept this settlement in full settlement and satisfaction and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including without limitation any claims for fees, costs, expenses, survival, or wrongful death, arising from any and all known or unknown, foreseen or unforeseen bodily injuries, personal injuries, death, or damage to property, which they may have or hereafter acquire against the United States of America, its agents, servants, or employees, on account of the subject matter of the administrative claim or suit, or that relate or pertain to or arise from, directly or indirectly, the subject matter of the administrative claim or suit.

Ex C. at 5.

The release clearly waives "any and all claims" owned by Central Union and its "administrators" and assigns" that arose out of the March 6, 2018, vehicle accident. Nothing suggests the settlement between CBP and Central Union was obtained by fraud, deception, misrepresentation, duress or undue influence. Absent any clear argument from Plaintiff to the contrary, supported by legal authority, the court interprets the plain terms of the release as barring Plaintiff's claim in its entirety. But not only do the plain terms of the release appear to bar Plaintiff's claim, common sense buttresses such a position. The undisputed facts indicate that almost two years after the accident, and without prior notice, Plaintiff drops a $1 million-dollar claim upon Defendants after the worker's compensation case has been substantially litigated and without any opportunity for Defendants to challenge the nature and extent of Mr. Lavender's injuries and/or disabilities.[4]

---

[4] Plaintiff's cavalier attitude toward its claim is further evidenced by the filing of a $1 million-dollar lawsuit when it was seeking reimbursement of the full amount of benefits

To the extent Plaintiff suggests additional time is needed "to present further evidence of their [sic] existence as separate entity, in providing of [sic] benefits, to employees of Central," (Doc. No. 24 at 2), this falls leagues short of a proper request for a continuance of the motion for summary judgment under Federal Rule of Civil Procedure 56(f). This court assumes SISC and Central Union are separate entities. Even so, the plain text of the release would bar Plaintiff's claim as a matter of law. Similarly, Plaintiff's argument that SISC was not Central Union's administrator because that term only applies when the person in charge of administering the estate of a deceased person is not named in the will, is nonsensical, *see id.* at 9. Central Union is not a "person [who] dies leaving a valid will and names a person who is to execute the will and administer the estate…." *Id.* at 9 fn. 4. Further, the undisputed facts clearly demonstrate that there was an agency relationship between SISC and Central Union.

The court again reiterates that it is not its role "to act as an advocate for the plaintiff and construct legal arguments on his behalf in order to counter" those made in the motion for summary judgment. *Amoah v. Paragon Sys.*, 160 F. Supp. 3d 1, 8 (D.D.C. 2016) (collecting cases). Where, as here, the legal standard is not agreed upon, "mere argument does not establish a genuine issue of material fact to defeat summary judgment." *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993).

Plaintiff's failure to counter defendants' legal arguments by citing to *any* additional legal authority effectively waives any defense that the release is ineffective, in so far as Plaintiff's claim is concerned. *See, e.g., United States v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (declining to "manufacture" arguments for defendants where they failed to cite any statutes or cases supporting their position); *United States v. Graf,* 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); *Hurem v. Quadri*, No. 11 C

---

paid to and on behalf of Mr. Lavender in the amount of $36,703.27. (*See* Doc. No. 24-3, ¶ 10.)

1418, 2013 U.S. Dist. LEXIS 82242, at *22 (N.D. Ill. June 12, 2013) (the court deemed a defense to summary judgment waived where legal standard was in dispute and party opposing "made no attempt whatsoever" to counter arguments raised in summary judgment motion); *Beasley v. Astrue,* 2011 WL 1327130, *2 (W.D. Wash. 2011) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts."). Accordingly, Defendants' motion for summary judgment on Plaintiff's sole cause of action, is **GRANTED**.

Since there is only claim in this action, and no other matter requires the court's attention, the Clerk of Court shall **CLOSE** this case.

IT IS SO ORDERED.

Dated: December 22, 2022

Hon. Jeffrey T. Miller
United States District Judge